UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAL MUHAMMAD JOKHIO,

                Plaintiff,

– against –

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

17-cv-07168 (ER)

RAMOS, D.J.:

    Lal Muhammad Jokhio commenced this action against the Commissioner of Social Security to review the denial of his application for disability benefits. Doc. 2. Jokhio has now moved for attorney fees pursuant to 42 U.S.C. § 406(b). Doc. 22. For the reasons set forth below, the motion is GRANTED.

**I.    BACKGROUND**

    Jokhio applied for Social Security Disability benefits and Supplemental Security Income benefits on October 31, 2013. Doc. 24 ¶ 1. His claims were denied. *Id.* On February 10, 2014, Jokhio requested a hearing before an Administrative Law Judge (ALJ). *Id.* ALJ Seth I. Grossman held a hearing on April 18, 2016. *Id.* ALJ Grossman found Jokhio not disabled in a decision dated July 27, 2016. *Id.* Jokhio requested that the Appeals Council of the Social Security Administration review the ALJ's decision, but the Appeals Council denied that request on July 27, 2017. *Id.*

    Jokhio commenced this action *pro se* on September 20, 2017. *Id.* ¶ 2. On March 28, 2018, Jokhio retained the law firm Charles E. Binder & Harry J. Binder Attorneys at Law, LLP (the "Binder Firm"), and signed a retainer agreement. *Id.* ¶ 3; Doc. 24-1 at 2–3. The agreement provided that Jokhio would pay the firm up to 25% of any award of past due benefits. Doc. 24 ¶ 3.

The parties subsequently agreed to remand the case to the Commissioner for further administrative proceedings, and the Court approved the parties' stipulation on April 26, 2018.  Doc. 18.  Additionally, the parties stipulated on May 29, 2018, that the Commissioner would pay Jokhio $6,500 in attorney fees pursuant to the Equal Access to Justice Act (EAJA).  Doc. 21.

A second hearing was held before ALJ Elias Feuer on February 4, 2020.  Doc. 24 ¶ 6.  In a decision dated March 24, 2020, ALJ Feuer found Jokhio not disabled.  *Id.*  Jokhio requested that the Appeals Council review the decision, and the Appeals Council remanded the case for another hearing.  *Id.*

A third hearing—again before ALJ Feuer—was held on August 3, 2021.  *Id.*  In a decision dated November 2, 2021, ALJ Feuer again found Jokhio not disabled.  *Id.*  Jokhio again requested that the Appeals Council review the decision.  *Id.*  And again, the Appeals Council remanded for a new hearing.  *Id.* ¶ 7.

A fourth hearing was held before ALJ Angela Banks on August 14, 2023.  *Id.*  This time, Jokhio amended his claim to a closed period of disability from June 4, 2012, to December 2, 2020.  *Id.*  In a decision dated September 27, 2023, ALJ Banks found Jokhio disabled during that period.  *Id.*  Jokhio was awarded $85,077 in past due benefits.  Doc. 23 at 2.  The Social Security Administration notified Jokhio that it was withholding $21,269.25 from his past due benefits for payment of attorney fees.  Doc. 24 ¶ 13; Doc. 24-1 at 8.  That amount represented 25% of the past due benefits awarded to Jokhio.  Doc. 24-1 at 8.

Attorney Daniel S. Jones of the Binder Firm spent 31.8 hours on the case during the federal court appeal, and attorney Charles E. Binder spent 3 hours on the case.  Doc. 24 ¶¶ 9, 11; Doc. 24-1 at 5.  Counsel filed this motion for $21,269.25 in attorney fees on January 9, 2024.  Doc. 22.  The Commissioner does not take a position on the request.  Doc. 26.

II.     **LEGAL STANDARD**

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A contingency fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Because successful Social Security claimants evaluate and pay their own attorneys, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," with the "boundary line" that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807.

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (internal quotation marks and citation omitted). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved"; (2) whether "'the attorney is responsible for delay,' lest the attorney 'profit from the accumulation of benefits' during a delay that the attorney caused"; and (3) whether "'the benefits are large in comparison to the amount of time counsel spent on the case,' the so-called 'windfall' factor." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

3

### III. DISCUSSION

Here, counsel seeks $21,269.25 in attorney fees, which is 25% of Jokhio's award of past due benefits. Doc. 24 ¶ 14. The Court finds that this fee award is reasonable.

The requested fee is within the limit of the 25% cap for reasonable attorney fees under 42 U.S.C. § 406(b). Moreover, there is no evidence suggesting either fraud or overreach in counsel's dealings with Jokhio. Therefore, the Court evaluates the reasonableness of the award based on the *Gisbrecht* factors. *See Fields*, 24 F.4th at 853 (discussing those factors).

The first factor evaluates whether the requested fee is out of line with the character of the representation and the results achieved. *Id.* The Court may reduce fees if the representation is found to have been substandard. *Id.* Here, neither Jokhio nor the Commissioner voiced any dissatisfaction with counsel's representation, and Jokhio prevailed in his claim for benefits.

The second factor considers whether the attorney was responsible for any delay in the proceedings. *Id.* A fee will be unreasonable if the attorney deliberately slowed proceedings to inflate fees. *Id.* In this case, no one has claimed, nor does any evidence suggest, that counsel is responsible for any delay in the proceedings.

The final factor analyzes whether counsel's requested award constitutes a windfall. *Id.* A windfall may arise if the benefits are disproportionate to the amount of time counsel spent on the case. *Id.* But a high hourly rate is not necessarily a windfall, *id.* at 854, and awards that would result in hourly rates of over a thousand dollars have been found to be reasonable, *Hennelly v. Kijakazi*, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023). To evaluate whether an award constitutes a windfall, the Court considers: (1) "the ability and expertise of the lawyers," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854–55.

The Court finds that the requested fee award does not constitute a windfall. First, counsel has relevant expertise and experience in this field. *See, e.g.*, *Hennelly*, 2023 WL 3816961, at *2 (noting counsel's "substantial experience" in concluding that the requested fee was not a windfall). Jones has practiced exclusively in the area of federal court appeals of Social Security disability claims for more than a decade and has worked on over a thousand cases. Doc. 24 ¶ 10. He also spent eight years working as a non-attorney representative of claimants appearing before the Social Security Administration at all levels of the administrative process. *Id.* Likewise, Binder has spent years working on Social Security disability cases and has handled thousands of administrative hearings and federal appeals. *Id.* ¶ 12. Both attorneys have substantial relevant expertise and experience. *Id.* ¶¶ 10, 12.

Second, the nature and length of counsel's professional association with Jokhio has now been considerable, as counsel has handled the case since being retained in March 2018. Doc. 24 ¶ 3; *see also Casiano v. Kijakazi*, No. 19 Civ. 9732 (JGK), 2023 WL 3760941, at *3 (S.D.N.Y. June 1, 2023) (noting that counsel had spent "a considerable amount of time on the plaintiff's case in federal court after being retained").

Third, Jokhio has not objected to the award or given any indication of dissatisfaction with counsel. *See Casiano*, 2023 WL 3760941, at *3 ("Nothing indicates that the plaintiff is dissatisfied by this representation nor by any of the services provided by the plaintiff's counsel.").

Finally, there was significant uncertainty about the outcome of the case when counsel became involved given that Jokhio's application for benefits had been denied by the Social Security Administration and by an ALJ and that his request for review of the ALJ's decision had been denied as well. Doc. 24 ¶ 1; *see also Casiano*, 2023 WL 3760941, at *3 (observing that an award of benefits was "highly uncertain" absent counsel given that the plaintiff's application for benefits had been denied twice by the ALJ and once by the Appeals Council). Therefore, under *Fields*, counsel's request for an

5

award of $21,269.25 is not a windfall.  The attorney fees that counsel seeks are reasonable.

Counsel has already been awarded attorney fees under the EAJA in the amount of $6,500.  Doc. 21; Doc. 24 ¶ 5.  When plaintiff's counsel is awarded fees under both the EAJA and § 406(b) for the same work, counsel must "refun[d] to the claimant the amount of the smaller fee."  *Gisbrecht*, 535 U.S. at 796 (alteration in original) (citation omitted).  Accordingly, counsel must refund $6,500 to Jokhio.

IV.   CONCLUSION

For the foregoing reasons, counsel's motion for $21,269.25 in attorney fees is GRANTED.  Upon receipt of this sum, counsel shall refund to Jokhio the $6,500 in attorney fees previously awarded under the EAJA.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 22.

It is SO ORDERED.

Dated:   January 26, 2024
         New York, New York

                                                     _____
                                                     EDGARDO RAMOS, U.S.D.J.

6